```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

    LENORD JACKSON                        CIVIL ACTION

    VERSUS                                NO: 06-8017

    WARRIOR & GULF NAVIGATION             SECTION: "J" (5)
    COMPANY
```

**ORDER AND REASONS**

Before the Court is defendant's Motion to Transfer. (Doc. 4.) The motion is opposed. For the following reasons the Court finds that the motion should be GRANTED.

**BACKGROUND**

Defendant is an Alabama corporation with its principal place of business near Mobile, Alabama. Plaintiff is a resident of Alabama. Plaintiff alleges that defendant employed him as a Jones Act seaman and that, while performing his duties as a deckhand aboard the M/V SEMINOLE, he sustained personal injuries through defendant's negligence. The injury occurred as the M/V SEMINOLE was northbound at mile 15 of the Mobile River on September 1, 2006.

**DISCUSSION**

It is within this Court's sound discretion to transfer a case for the convenience of the parties and witnesses and the interest of justice under 28 U.S.C. § 1404(a). *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989). In determining whether the transfer is proper under 28 U.S.C. § 1404(a), this Court considers the "private interest" and "public interest" factors laid out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 505, 508 (1947). The private interest factors are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors to be considered are: (1) the administrative difficulties created by court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law.

Although a plaintiff's choice of forum generally receives deference, that choice is not dispositive, and its weight may be diminished by the facts of the individual case. *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987). Where there is no factual nexus between the chosen forum and the case or the plaintiff, courts are inclined to give that choice diminished weight. *See, e.g., Byrnes v. Parker Drilling Offshore USA, LLC* 2006 WL 1098900, *3 (E.D. La. 2006) and cases cited therein.

Applied to the facts of this case, all of the private factors strongly favor the Southern District of Alabama over the Eastern District of Louisiana. The sources of proof, the witnesses, the parties, and the vessel are located in the Southern District of Alabama. The only exception are the two treating physicians located here in Louisiana. But plaintiff indicates that those physicians will be testifying by deposition, so they will not be inconvenienced in the least by a trial in Alabama. In addition, because this case is still in its infancy, a transfer will not result in delay or prejudice to plaintiff.

The public factors also favor the Southern District of Alabama, though with less force. The recent onslaught of Hurricane Katrina related litigation has caused a spike in cases in the Eastern District of Louisiana, over 11,000 filed in 2006.

This Court is fairly congested with cases arising within the district, concerning parties in the district. The controversy and parties in this case are local to the Southern District of Alabama, which has an interest in the matter that is totally lacking in the Eastern District of Louisiana. The remaining factors regarding jury and choice of law are neutral in this maritime action.

The most prominent connection to this district is the location of counsel here. However, "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). The balance of factors strongly favors transfer in this case.

Accordingly,

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1404(a) this case is **TRANSFERRED** to the United States District Court for the Southern District of Alabama.

New Orleans, Louisiana this the 28th day of February, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE